FILED

April 17 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA



DA 11-0545

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 81

TOWN OF MANHATTAN,

      Petitioner and Appellant,

  v.

DEPARTMENT OF NATURAL RESOURCES AND
CONSERVATION OF THE STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV-09-872C
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Matthew W. Williams; Williams & Jent, Bozeman, Montana
        Jane Mersen; Kasting, Kauffman & Mersen, P.C., Bozeman, Montana

    For Appellee:

        Brian C. Bramblett, Anne W. Yates, Candace F. West; Special Assistant
        Attorneys General, Montana Department of Natural Resources and
        Conservation, Helena, Montana

    For Amici Curiae:

        Stephen R. Brown; Garlington, Lohn & Robinson PLLP, Missoula,
        Montana (for Mountain Water Company)

        Laura S. Ziemer, Attorney at Law, Meg Casey, Legal Intern, Bozeman,
        Montana (for Trout Unlimited); David Weaver, Attorney at Law, Bozeman
        Montana (for Association of Gallatin County Irrigators)

        Holly Jo Franz, Franz & Driscoll, PLLP, Helena, Montana (for Montana
        Farm Bureau Federation, Montana Water Resources Association and
        PPL, Montana, LLC)

Submitted on Briefs:  March 21, 2012

Decided:  April 17, 2012

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    The Town of Manhattan, Montana, appeals from the District Court's "Order Re Petition for Judicial Review" filed August 17, 2011.  We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2    In 2008 the Town filed an application with the Montana Department of Natural Resources and Conservation pursuant to § 85-2-402, MCA, seeking approval for proposed changes to its municipal well water rights.  The Town sought to designate several of its wells as alternate points of diversion for existing water claims it filed in the water rights adjudication process.  The Town's existing claims are reflected in a 1985 Temporary Preliminary Decree from the Water Court.  The Town sought authorization to withdraw a total of 646 acre feet of water per year from any combination of five wells, and to expand its place of use to include the geographic area within which the Town is authorized to adopt a growth policy under § 76-1-601, MCA.  The 1985 Decree indicates that the flow rate and total volume of water attributed to the Town's water rights were based upon the Town's claims, not upon actual use, and were subject to adjustment in the final adjudication.  The Town's well water rights involved in this case are all pre-July 1, 1973 rights.

¶3    In March, 2009, the DNRC notified the Town that its application for approval of the changes was deficient because it did not contain information required by Admin. R. M. 36.12.1902, describing how the Town used its water rights prior to the effective date of the Water Use Act on July 1, 1973.  The DNRC asked for a map showing the Town's

3

service area, a list of each water hook-up and the volume of water delivered to each hook up, as those conditions existed prior to July 1, 1973. The Town did not provide the information on historical use of its rights, contending that the information was irrelevant to its application because the Town's water rights included the right to expand water use as needed for continued municipal growth.

¶4  In June, 2009, the DNRC determined that the Town's application for approval of the changes was not correct and complete as required by § 85-2-302, MCA, because the Town had not furnished the historical use information. In August, 2009 the DNRC informed the Town that its application was terminated because it was not correct and complete. In September, 2009, the Town filed a petition for judicial review of the DNRC's actions. The Town sought an order from the District Court that the DNRC be required to process its application for approval of the changes without the requested information on historical use. The District Court held in favor of the DNRC and this appeal followed.

**STANDARD OF REVIEW**

¶5  The standard of review of an administrative decision is set out in § 2-4-704, MCA. *In the Matter of the Application for Change by Royston*, 249 Mont. 425, 432, 816 P.2d 1054, 1060 (1991). In summary, a reviewing court may not substitute its judgment for the judgment of the agency as to the weight of the evidence on issues of fact, but may reverse or modify the decision if the substantial rights of the petitioner have been violated. Section 2-4-704(2), MCA. The District Court found that the ultimate issue in this case was an issue of law, and issues of law are reviewed to determine whether the

4

decision was correct. *Hughes v. Board of Medical Examiners*, 2003 MT 305, ¶ 11, 318 Mont. 181, 80 P.3d 415.

**DISCUSSION**

¶6     The issue on appeal is whether the District Court properly affirmed the decision of the DNRC to terminate the Town's application for approval of changes to its water rights.

¶7     The Montana Legislature enacted the Montana Water Use Act, §§ 85-2-101 et seq., MCA, to provide for the administration, control and regulation of water rights in Montana. The Act was effective July 1, 1973 and is premised upon Art. IX, sec. 3 of the Montana Constitution, which provides that "[a]ll existing rights to the use of any waters for any useful beneficial purpose are hereby recognized and confirmed." The Act defines an "existing right" as one that would be protected under the law as it existed prior to July 1, 1973. Section 85-2-102(12), MCA. As noted, the Town's well water rights at issue in this case are all pre-July 1, 1973 "existing rights."

¶8     A person may make a change in an existing water right, such as changing the point of diversion or the place of use, only after obtaining approval of the DNRC as provided in § 85-2-402, MCA. Even though the Montana Constitution recognizes and protects existing rights, it does not exempt them from the requirement of DNRC approval of a proposed change. *Royston*, 249 Mont. at 429, 816 P.2d at 1057. The Act requires that the applicant for approval of a change must prove by a preponderance of the evidence that the change will not adversely affect other water users; that the means of diversion, construction and operation are adequate; that the use is a beneficial use; and that the applicant has a possessory interest in the place of use. Section 85-2-402(2), MCA;

5

*Hohenloe v. DNRC*, 2010 MT 203, ¶¶ 32-34, 357 Mont. 438, 240 P.3d 628. An underlying water right is not affected by action on an application for a change, and the DNRC may not adjudicate water rights in deciding an application for a change. *Hohenlohe*, ¶ 28; *Royston*, 249 Mont. at 430, 816 P.2d at 1058.

¶9 The process of obtaining approval for a change in an existing water right begins with filing a "correct and complete" application, complying with rules adopted by the DNRC. Section 85-2-302, MCA. The Act provides that a correct and complete application is one that provides probable, believable facts sufficient to support a reasonable legal theory upon with the DNRC should proceed. Sections 85-2-102(8) and (22), and 85-2-402(1)(a), MCA. Upon notification by the DNRC that an application for approval of a change is deficient, the applicant has 90 days to correct and complete the application. If this is not done, the application is terminated as a matter of law. Section 85-2-302(7), MCA.

¶10 As provided by § 85-2-402(14), MCA, the DNRC has adopted rules to implement the statutory requirements for approval of a change in a water right, including Admin. R. M. 36.12.1902. That rule requires that for pre-July 1, 1973 existing rights, the applicant for approval of a change must provide "historic information" on the underlying water right "as it was used prior to July 1, 1973." Admin. R. M. 36.12.1902(1)(a). The required details of historic use are set forth in Admin. R. M. 36.12.1902(7), and they relate to the DNRC's obligation to ensure that a change will not adversely affect other water rights, § 85-2-402(2), MCA. Further, it is an established tenet of Montana water law that an appropriator's right attaches to "waters actually taken and beneficially

6

applied." *Quigley v. McIntosh*, 110 Mont. 495, 509, 103 P.2d 1067, 1074 (1940); *Hohenloe*, ¶ 43. Existing (pre-July 1, 1973) rights entitle the user to "such an amount of water as, by pattern of use and means of use, the owners or their predecessors put to beneficial use." *McDonald v. State*, 220 Mont. 519, 529, 722 P.2d 598, 604 (1986).

¶11 The Town does not attack the validity of the DNRC rule, but argues that historical use information is irrelevant and should not be applied to review the Town's application for approval of its proposed changes. To this end, the Town has presented extensive argument on the nature of municipal water rights, and about how or whether historical use information can factor into the DNRC's analysis of the proposed changes. However, the DNRC has not made a decision on any of the Town's proposed changes to its water claims, and the Town's application was terminated. Unless the Town submits a correct and complete application for approval of its proposed changes, and the DNRC makes a decision on the application, these issues are not ripe for a decision from this Court.

¶12 Based upon established Montana law and the applicable regulations, the DNRC was within its lawful authority to request that the Town provide information on its use of water prior to July 1, 1973 as part of its application for approval of its proposed changes. At the same time, if the Town submits a new application, the historical information required by the DNRC must be no more than is necessary, on a case-by-case basis, to meet the statutory analysis required by § 85-2-402, MCA. *Hohenloe*, ¶ 65.

¶13 The decision of the District Court is affirmed.

/S/ MIKE McGRATH

7

We concur:

/S/ BRIAN MORRIS
/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON